Charlery v. Department of Education

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand eighteen.

Present:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

Jacqueline Charlery,

> *Plaintiff-Appellant,*

v.                                                                                    17-1888-cv

City of New York Department of Education, Board of Education of the City School District of the City of New York,

> *Defendants-Appellees.*

---

| | |
|---|---|
| *For Plaintiff-Appellant*: | SARAH GRUBER (Proloy K. Das, *on the brief*), Murtha Cullina, LLP, Hartford, CT. |
| *For Defendants-Appellees*: | QIAN JULIE WANG, of Counsel (Richard P. Dearing, Fay S. Ng, *on the brief*), *for* Zachary W. Carter, |

Corporation Counsel for the City of New York, New York, NY.

Appeal from a decision entered May 15, 2017, and judgment entered May 16, 2017, in the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's decision and judgment are **AFFIRMED**.

Jacqueline Charlery filed this action against the defendants asserting claims for discrimination and retaliation in violation of the Americans with Disabilities Act and the Rehabilitation Act. The defendants filed a motion for judgment on the pleadings, which the district court, after giving notice to the parties, converted into a motion for summary judgment. The court then found that Charlery had released her federal discrimination and retaliation claims in an agreement settling an earlier personal injury lawsuit against the same defendants, granted that motion, and entered judgment in the defendants' favor. This is Charlery's appeal. We assume the parties' familiarity with the underlying facts, the procedural history, the arguments presented on appeal, and the district court's rulings, which we reference only to explain our decision.

"[T]he validity of a release is a peculiarly fact-sensitive inquiry." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437–38 (2d Cir. 1998). We note at the outset of our analysis that appearing directly above the signature line on the release is language stating "**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**" Dist. Ct. Dkt. No. 22-3 at 2. At the

2

same time, however, "[w]e employ a 'totality of the circumstances' test to determine whether a release of . . . claims is knowing and voluntary." *Livingston*, 141 F.3d at 438. The relevant factors courts should consider include:

> 1) the plaintiff's education and business experience, 2) the amount of time the plaintiff had possession of or access to the agreement before signing it, 3) the role of plaintiff in deciding the terms of the agreement, 4) the clarity of the agreement, 5) whether the plaintiff was represented by or consulted with an attorney, and 6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

*Id.* (quotation marks omitted).

The district court did not err when assessing these factors and concluding that Charlery's waiver was knowing and voluntary. For the first factor, Charlery, being a teacher, is a well-educated, trained professional. The second and third factors—the amount of time Charlery had the agreement and the role she played in deciding its terms—weigh in favor of a finding that the waiver was not knowing and voluntary. In her affidavit, Charlery stated that she had read the agreement and signed the release the same day she received it and although she was represented by counsel in the settlement of the lawsuit, she played no role in negotiating the terms of the release. The fourth factor—the clarity of the agreement—favors a finding that the waiver was knowing and voluntary. The agreement stated that Charlery was releasing the defendants from "any and all claims" for "any matter, cause or thing whatsoever that occurred through the date" the release was executed. Dist. Ct. Dkt. No. 22-3 at 2. The fifth factor also weighs in favor of finding a knowing and voluntary waiver because Charlery was represented by counsel in that lawsuit. The sixth factor is inapplicable to this case because neither lawsuit was for employee benefits that

3

Charlery claimed she was entitled by contract or law to receive; each lawsuit was for an alleged violation of rights or for breaches of duties of care entitling her to money damages.

Balancing the totality of the circumstances, we conclude, as the district court did, that in executing the release Charlery knowingly and voluntary waived her federal discrimination and retaliation claims. For those reasons, the district court did not err when it entered summary judgment in favor of the defendants on those federal claims.

We have considered Charlery's remaining arguments and find them to be either forfeited[1] or without merit. The district court's decision and judgment are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Specifically, Charlery failed to raise in the district court any argument relating to the scope of the general waiver.